IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIMBERLY SHEFCYK, individually and as a parental guardian of K.F., a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>TEMPLE UNIVERSITY HOSPITAL, INC., AND THE UNITED STATES OF AMERICA,<br><br>Defendants. | CIVIL ACTION NO. 21-3413 |

## MOTION TO DISMISS

The Defendant United States of America moves to dismiss the plaintiff's first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for the reasons set forth in the accompanying Memorandum of Law. The United States respectfully requests that the first amended complaint against the United States be dismissed and that the Court enter the enclosed ORDER.

Respectfully submitted,

JACQUELINE C. ROMERO
United States Attorney

s/ Gregory B. David
GREGORY B. DAVID
Assistant United States Attorney
Chief, Civil Division

s/ *Judith A.K. Amorosa*
JUDITH A.K. AMOROSA
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
Tel: (215) 861-8869
Fax: (215) 861-8618
Email: Judith.amorosa@usdoj.gov

Dated: June 29, 2022

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIMBERLY SHEFCYK, individually and as a parental guardian of K.F., a minor,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>TEMPLE UNIVERSITY HOSPITAL, INC., AND THE UNITED STATES OF AMERICA,<br><br>　　　　Defendants. | CIVIL ACTION NO. 21-3413 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
DISMISS OF THE DEFENDANT THE UNITED STATES OF AMERICA**

　　　　The Defendant United States of America moves to dismiss the plaintiff's first amended complaint against the United States pursuant to Federal Rule of Civil Procedure 12(b)(6) on the basis that the plaintiff's administrative tort claim was untimely filed.

**I.　　INTRODUCTION**

　　　　This is a medical malpractice action brought in the Philadelphia Court of Common Pleas and then removed to federal court.  According to the complaint, plaintiff Kimberly Shefcyk is the mother of a baby who was born at Temple University Hospital on February 18, 2018.  Shefcyk alleged that defendant Dr. Henry Su, the attending physician, committed professional negligence in connection with the baby's birth.

　　　　Dr. Su, as an employee of the U.S. Public Health Service acting within the scope of his employment, is covered by the Federal Tort Claims Act ("FTCA"), such that the United States was substituted in his place as the sole federal defendant.  Because Shefcyk failed to file an administrative claim with the appropriate federal agency within the two-year statute of limitations period under the FTCA, her direct claim against the United States set forth in the first amended complaint is now time-barred and must be dismissed.

## II. RELEVANT FACTUAL AND PROCEDURAL HISTORY

Plaintiff Kimberly Shefcyk, individually and as a parental guardian of K.F., a minor, filed suit in Philadelphia Court of Common Pleas on April 26, 2021 naming Temple University Hospital, Inc., Temple Physicians, Inc. (together, "the Temple defendants"), and Henry Su, D.O. as defendants. Doc. No. 1 at Ex. 1. Denying that Dr. Su was their employee, the Temple defendants filed a cross-claim against Dr. Su in the Philadelphia court on May 13, 2021, claiming contribution and indemnification. Doc. No. 1 at Ex. 2.

The United States, asserting that Dr. Su was an employee of the U.S. Public Health Service acting within the scope of his employment at the time of the alleged incident, then removed the case to federal court. Doc. No. 1. Upon the parties' stipulation, the court ordered that the United States be substituted as a defendant in place of Dr. Su and that the case be stayed to allow time for Shefcyk to file an administrative tort claim with the appropriate federal agency. Doc. No. 13. On September 9, 2021, Shefcyk filed an administrative tort claim pursuant to the FTCA. Doc. No. 20 (Amended Complaint) at ¶ 8. Her administrative tort claim was denied on April 4, 2022. Id. at ¶ 9.

Shefcyk filed a first amended complaint on June 1, 2022, naming the United States as a defendant upon allegations that Dr. Su, the attending physician to her baby's February 18, 2018 birth at Temple University Hospital, was negligent in providing medical care. Doc. No. 20.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a complaint for failure to state a claim. In the Third Circuit, a statute of limitations defense may be raised by motion under Rule 12(b)(6) if it is apparent on the face of the complaint that the claim is untimely. *Robinson v. Johnson*, 313 F.3d 128, 136 (3d Cir. 2002). The failure to file an

administrative tort claim with the appropriate federal agency within two years of the accrual of the claim, as provided by 28 U.S.C. § 2401(b), is grounds for dismissal pursuant to Rule 12(b)(6).  *O'Brien v. United States*, 2018 U.S. Dist. LEXIS 129147, at **19-20 (E.D. Pa. Jul. 18, 2018).

## IV.     ARGUMENT

The first amended complaint against the United States must be dismissed as time-barred, because Shefcyk failed to present her claim to the appropriate federal agency within two years of its accrual.

Under the FTCA, a plaintiff must exhaust administrative remedies by presenting her claim to the appropriate federal agency, before bringing suit in federal court.  28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 113 (1993) (FTCA bars plaintiff from suing in federal court before exhausting administrative remedies).  The FTCA has a two-year statute of limitations period in which an aggrieved person may file an administrative tort claim with the appropriate federal agency.  28 U.S.C. § 2401(b).  A plaintiff must abide by the strict time requisites codified in 28 U.S.C. §2401(b) or her tort claim under the FTCA will be "forever barred."  *Bialowas v. United States*, 443 F.2d 1047, 1049 (3d Cir. 1971).  Section 2401's "time bar is strictly construed."  *Livera v. First Nat. State Bank of N.J.*, 879 F.2d 1186, 1195 (3d Cir. 1989).

The alleged negligence occurred on February 18, 2018, the baby's date of birth.  Shefcyk filed suit naming Dr. Su in the Philadelphia Court of Common Pleas on April 26, 2021, over 14 months after the FTCA's two-year limitations period had passed.  Even if Shefcyk's lawsuit naming Dr. Su could be construed as satisfying the "presentment" requirement under the FTCA and thus tolling the two-year statute, Shefcyk's claim against the United States is nonetheless

3

untimely. Accordingly, the first amended complaint against the United States must be dismissed. *See Boseski v. N. Arlington Municipality*, 621 Fed. Appx. 131, 136 (3d Cir. Aug. 7, 2015) (because the plaintiff did not file an administrative claim within two years of the accrual of any of the claims in her complaint, the district court correctly dismissed FTCA claims with prejudice, as "forever barred").

While equitable tolling in an FTCA case has been recognized, *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1638 (2015), Shefcyk has not pleaded any circumstances which would warrant the Court to consider equitable tolling. *See D.J.S.-W. v. United States*, 962 F. 3d 745 (3d Cir. 2020) (setting out the test for equitable tolling and determining that plaintiff failed to meet it); *cf. Young v. Temple Univ. Hosp.*, 2019 U.S. Dist. LEXIS 186711, at **19-31 (E.D. Pa. Oct. 28, 2019) (Goldberg, J.) (determining that equitable tolling was appropriate to toll two-year FTCA statute of limitations). Accordingly, Shefcyk's claim against the United States based upon the conduct of Dr. Su must be dismissed. *See, e.g., Taggart v. Norwest Mortg., Inc.*, 2010 U.S. Dist. LEXIS 2263, at *8 (E.D. Pa. Jan. 11, 2010) ("[I]f equitable tolling were to apply, the plaintiff has failed to allege specific facts for a plausible equitable tolling claim[.]"); *Lipscomb v. United States*, 2017 U.S. Dist. LEXIS 141015, at *7 (S.D.N.Y. Aug. 31, 2017) ("Plaintiff's FTCA claims against Defendant must be DISMISSED without prejudice because Plaintiff failed to timely present such claims to the Federal Bureau of Prisons, and he has not plausibly alleged any facts to demonstrate that he is entitled to equitable tolling of the limitations period.").

## V. CONCLUSION

For the reasons set forth herein, the first amended complaint against the United States must be dismissed as time-barred.

                                                 Respectfully submitted,

                                                 JACQUELINE C. ROMERO
                                                 United States Attorney

                                               s/
                                               GREGORY B. DAVID
                                               Assistant United States Attorney
                                               Chief, Civil Division

                                               s/ *Judith A.K. Amorosa*
                                               JUDITH A.K. AMOROSA
                                               Assistant United States Attorney
                                               615 Chestnut Street, Suite 1250
                                               Philadelphia, PA 19106
                                               Tel: (215) 861-8869
                                               Fax: (215) 861-8618
Dated: June 29, 2022                            Email: Judith.amorosa@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KIMBERLY SHEFCYK, individually and as a parental guardian of K.F., a minor,

    Plaintiffs,

vs.

TEMPLE UNIVERSITY HOSPITAL, INC., AND THE UNITED STATES OF AMERICA,

    Defendants.

CIVIL ACTION NO. 21-3413

**ORDER**

Upon the motion to dismiss of the Defendant United States of America and any response thereto, it is HEREBY ORDERED:

1) the motion is granted;

2) the plaintiff's first amended complaint against the United States is dismissed.

Dated:

    ORDERED

    _____
    Mitchell S. Goldberg
    *United States District Judge*

## CERTIFICATE OF SERVICE

I certify that on this date, I filed the foregoing Motion to Dismiss, Memorandum of Law, and Order via ECF with service made via ECF filing on:

Jordan Strokovsky
Strokovsky LLC
1500 Market Street, 12th Floor East Tower
Philadelphia, PA 19102

*Counsel for Plaintiffs*

James A. Young, Esquire
Richard S. Margulies, Esquire
Adrianna M. Yanez, Esquire
BURNS WHITE
1880 JFK Boulevard, 10th Floor
Philadelphia, PA 19103

*Counsel for Defendant Temple University Hospital, Inc., and Temple University Physicians, Inc.*

Dated: June 29, 2022

s/ *Judith A.K. Amorosa*
JUDITH A.K. AMOROSA
Assistant United States Attorney