# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVNIA

| | |
|---|---|
| KIMBERLY SHEFCYK, individually and as parental guardian of K.F., a minor,<br><br>Plaintiff,<br>v.<br><br>TEMPLE UNIVERSITY HOSPITAL, INC., AND THE UNITED STATES OF AMERICA<br><br>Defendants. | NO. 2:21-cv-03413-MSG<br><br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO THE UNITED STATES' MOTION TO DISMISS PLAINTIFF'S CLAIM

### I. PROCEDURAL BACKGROUND AND FACTS

This is a medical malpractice action regarding defendants' failures to timely deliver baby, K.F., at Temple University Hospital on February 18, 2018. Dr. Henry Su was the attending physician that delivered baby, K.F., and K.F.'s delivery was the first time Dr. Su was involved in providing any medical care to plaintiff and her newborn. Writs of Summons were filed against Defendants Temple University Hospital and Dr. Su on March 9, 2021, in the Philadelphia Court of Common Pleas. A Civil Action Complaint was filed on April 26, 2021. In or around the summer of 2021, Plaintiff first received notice that Dr. Su was potentially a federal employee. On August 13, 2021, this lawsuit was removed to the Eastern District of Pennsylvania. Well within two years from the time Plaintiff first received notice that Dr. Su may have been performing his duties as a federal employee, Plaintiff submitted an administrative tort claim on September 9, 2021.

On September 20, 2021, an Order was entered by Judge Goldberg, where, among other things, Dr. Su and the United States of America (which was substituted in Dr. Su's place) were dismissed from Plaintiff's lawsuit. Further, the case would be stayed for seven months to provide Plaintiff the opportunity to file an administrative claim and receive a response.

By letter dated April 8, 2022, the United States informed the Court that Plaintiff's request for administrative relief was denied (the denial letter was sent on or around April 4, 2022), and the stay was lifted on or about the same day. On May 6, 2022, a stipulation and Order was entered stating that Plaintiff shall file her amended complaint on or before June 1, 2022, an answer or motion to dismiss shall be filed on or before June 29, 2022, and any opposition to a motion to dismiss shall be filed on or before July 27, 2022. Plaintiff filed her amended complaint on June 1, 2022, against Temple University Hospital, Inc. and the United States of America, and the United States of America filed its motion to dismiss on June 29, 2022.

Before this Court is Plaintiff's Response in Opposition to Defendant's Motion to Dismiss. Despite good faith attempts, Plaintiff did not become aware of any potential involvement of the United States in this matter until the summer of 2021. While the subject malpractice occurred on or around February 18, 2018, and the lawsuit was filed a little more than three years later, equitable tolling should apply. This claim was diligently investigated prior to the commencement of the lawsuit and under extraordinary circumstances, Plaintiff was prevented from discovering that Dr. Su was a federal employee.

In 2018, Plaintiff obtained her and her baby's medical records from Temple University Hospital and her prenatal records from Temple OB-GYN. Notably, neither of these providers are federal entities; rather they are private institutions. After review by Plaintiff's counsel and Plaintiff's experts, there was no indication in the records that Dr. Su was a federal employee.

More so, public information from Temple University Hospital's website, which was viewed by Plaintiff's counsel in or around the summer of 2018, had a biographical page for Dr. Su as one of the hospital's employees/agents and the page did not state Dr. Su was serving

Temple University Hospital as a federal employee.[1] While receiving medical care, Plaintiff was never informed that Dr. Su was a federal employee.

Further, Plaintiff's counsel searched the public docket at the Philadelphia Court of Common Pleas in 2018, and again, there was no indication that Dr. Su was a federal employee. In fact, he is listed as a defendant in another medical malpractice action against Temple University Hospital, and there is no indication that the matter was removed to federal court.[2]

Finally, any contract between Dr. Su and a federal entity and/or Temple University Hospital that could establish that Dr. Su was working as a federal employee when he was delivering K.F. at a private institution was not available to the public. Such paperwork is currently in the process of being disclosed to Plaintiff after the execution of a confidentiality stipulation. As such, and for the reasons stated in the argument section below, equitable tolling should apply, and Defendant's Motion to Dismiss should be denied.

II.     **ARGUMENT**

"[T]he FTCA's statute of limitations may be subject to equitable tolling." Young v. Temple University Hosp., 2019 U.S. Dist. LEXIS 186711, at *21 (E.D. Pa. Oct. 28, 2019) (Goldberg, J.) (citation omitted). Equitable tolling applies where "Plaintiffs have set forth sufficient facts showing they diligently investigated their claim prior to filing suit and were prevented 'in some extraordinary way' from discovering that [the attending physician] was a federal employee." Id. at *27.

---

[1] Unfortunately, the Wayback Machine, which is an online tool that allows one to view web page versions in the past, does not have Dr. Su's biographical page form Temple's website for that subject time.

[2] This Philadelphia Court of Common Pleas matter, Henry, et al. v. Temple University, et al. has a case ID number of 160400497 is readily available on the court's docket.

Incredibly, Defendant cites to *Young v. Temple University Hospital,* 2019 U.S. Dist. LEXIS 186711, where under a fact pattern virtually identical to this case, this very Court held that equitable tolling applied. Like the instant case, the *Young* case involves allegations of malpractice regarding the delivery of a newborn at Temple University Hospital and the United States claimed that the attending physician at Temple Unjversity Hospital was a federal employee and therefore claims against the United States were time-barred because a lawsuit was not filed within two years from the date of malpractice. This Court did not agree with the United States' argument and found that equitable tolling applied.

This Court noted in *Young*: "[t]he record before me reflects that Plaintiffs undertook a diligent investigation prior to filing their state court action on February 26, 2018. At the time, there was no information a reasonably diligent plaintiff could have discovered that would have indicated that Dr. Shirvatsa was acting in her capacity as a federal employee while serving as the attending physician at a private hospital." Young, 2019 U.S. Dist. LEXIS 186711 at *30. Part of the evidence to support the application of equitable tolling was that prior to filing suit, no information in the medical records revealed the subject doctor was a federal employee, plaintiff was never treated at a federally funded facility, public information from Temple University's website did not indicate the doctor was serving the hospital as a federal employee, a search of the Philadelphia Court of Common Pleas docket did not indicate the physician was a federal employee, plaintiff sought treatment at a private hospital, and any contract between the physician and federally funded entity was not publicly accessible. Id. at *27-*30.

Here, like the facts in *Young*, Plaintiff undertook a diligent investigation prior to filing her state court action and at that time, there was no information a reasonably diligent plaintiff could have discovered that would have indicated that Dr. Su was acting in his capacity as a

4

federal employee as the attending physician at a private hospital. As in the *Young* case, no information in Temple University Hospital's medical records or prenatal records from Temple OB-GYN indicated that Dr. Su was a federal employee (or that any federal employee was involved in providing medical care). Further, like *Young*, Plaintiff's counsel reviewed Temple University Hospital's website to find Dr. Su's biographical page which did not mention he was a federal employee, let alone serving patients at Temple University Hospital as a federal employee.

Like the *Young* case, Plaintiff's counsel also searched the docket for the Philadelphia County Court of Common Pleas prior to filing suit and there was no indication from review of the docket that Dr. Su was a federal employee. For example, none of the malpractice cases listed on the docket were ever removed to federal court. In fact, the most recent docket entry at the time was a malpractice matter against Dr. Su and Temple University Hospital, which again, was not removed to federal court.

Further, while legitimate questions remain as to whether Dr. Su was acting as a federal employee during the subject event, any type of employment contract which would establish that Dr. Su would be acting as a federal employee while providing medical care at Temple University Hospital is not accessible to the public. In fact, Plaintiff needed to sign off on a confidentiality stipulation to receive such paperwork—which should be provided to Plaintiff soon. And like the plaintiff in *Young*, Plaintiff never received care from the subject attending physician (Dr. Su) until her delivery, the hospital and facility where she was receiving prenatal care are private institutions that do not receive federal funding, and Dr. Su, Dr. Su's purported employer, and Temple University Hospital never disclosed that he was serving Plaintiff in the capacity as a federal employee.

As such, for the very same reasons the Court applied equitable tolling in *Young*, equitable tolling should apply in this case, and Defendant's Motion to Dismiss should be denied.

Additionally, as in the *Young* case, Defendant argues that Plaintiff had to include factual allegations in her complaint that demonstrates an entitlement to equitable tolling. In *Young*, this Court found that there was no authority to support such a proposition. As such, Plaintiff does not believe she is required to provide the facts supporting equitable tolling in her Complaint, but alternatively requests an opportunity to amend the complaint should the Court disagree.

### III. <u>CONCLUSION</u>

For the reasons stated above, Plaintiff respectfully requests that this Honorable Court deny the United States' Motion to Dismiss.

Respectfully submitted,

**STROKOVSKY LLC**

Dated: July 27, 2022      By:     /s/ *Jordan L. Strokovsky*
Counsel for Plaintiff
Attorney ID No: 318811
1650 Market St, Suite 3600
Philadelphia, PA 19103
215-317-6545
jordan@actionafterinjury.com