IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIMBERLY SHEFCYK, individually and as a parental guardian of K.F., a minor,<br><br>      Plaintiffs,<br><br>vs.<br><br>TEMPLE UNIVERSITY HOSPITAL, INC., AND THE UNITED STATES OF AMERICA,<br><br>      Defendants. | CIVIL ACTION NO. 21-3413 |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO
DISMISS OF THE DEFENDANT THE UNITED STATES OF AMERICA**

Defendant United States of America replies to plaintiff Kimberly Shefcyk's opposition to its motion to dismiss Shefcyk's first amended complaint on the basis that her administrative tort claim was untimely filed. Shefcyk argues that the court should allow her untimely claim to proceed on the basis of equitable tolling. The court must reject Shefcyk's equitable tolling argument at this stage of the litigation for failure to plead facts in support of her equitable tolling claim.

**I.    Shefcyk must plead facts in support of her equitable tolling claim.**

Shefcyk failed to plead any basis for equitable tolling in her first amended complaint. Shefcyk urges the court to apply equitable tolling on the sole basis of counsel's arguments in her brief. But she cites no support for the proposition that a plaintiff can overcome a properly raised statute of limitations defense without citation to any pleading, affidavit, or other factual material. As one court has explained:

> While we are cognizant that in resolving a motion to dismiss we may consider, inter alia, legal arguments presented in memoranda or briefs and arguments of counsel, *Pryor v. NCAA*, 288 F.3d 548, 560 (3d Cir. 2002) (citation omitted), we believe that these arguments must relate to factual allegations already contained in the complaint. In other words, we do not believe that a plaintiff can use the briefing process as a vehicle to assert new facts or bases for

relief. To hold otherwise would vitiate the pleading requirements contained in Federal Rule of Civil Procedure 8 and would render superfluous the amendment process contained in Federal Rule of Civil Procedure 15.

*Reva River Plaza, LLC v. River House Assocs.*, 2010 U.S. Dist. LEXIS 156728, at *16 n. 21 (M.D. Pa. Feb. 23, 2010).

As another court in this Circuit has explained in considering a motion to dismiss:

> "[F]acts" sprinkled into a brief are not facts averred in a complaint and shall not be advanced to this or any other court as if they were averred in the Amended Complaint. This Court does not treat "facts" in a brief as if they were averred in the Amended Complaint unless they are actually in that Amended Complaint.

*Malave v. Freytes*, 2012 U.S. Dist. LEXIS 181681, at *26 (D.N.J. Dec. 26, 2012).

Here, too, the court should require Shefcyk to state in an amended complaint the factual basis for her equitable tolling claim.

Shefcyk argues that this case is no different than *Young v. Temple Univ. Hosp.*, 2019 U.S. Dist. LEXIS 186711, at **19-31 (E.D. Pa. Oct. 28, 2019) (Goldberg, J.) (determining that equitable tolling was appropriate to toll two-year FTCA statute of limitations). To the contrary, the plaintiff in *Young* attached several pages of supportive exhibits in opposition to the defendant's motion to dismiss and did not merely rely on statements of counsel contained in the brief. *See* Civil Action No. 19-1714, Doc. No. 20, dated 7/15/19. Here, Shefcyk relies on nothing but unsupported statements of counsel in a brief to advance her equitable tolling claim. The court must reject it, and, at minimum, require her to plead facts in support of any equitable tolling claim.

**II.     Publicly available information contradicts Shefcyk's equitable tolling claim.**

Shefcyk argues that "there is no information a reasonably diligent plaintiff could have discovered that would have indicated that Dr. Su was acting in his capacity as a federal employee

as the attending physician at a private hospital." Even without having conducted discovery in this matter, this bald assertion is contradicted by publicly available sources.

For example, a complaint was filed in this court in 2011 naming the United States as the defendant based upon the allegation that Dr. Henry Su, as an obstetrician employed by a federally funded healthcare clinic, was responsible for the minor-plaintiff's birth injury. *See* Ex. A attached hereto (*Carter v. United States* complaint). The action, *Carter v. United States*, Civil Action No. 11-6669, resulted in a 2014 decision on summary judgment that is available on both Lexis and Westlaw, at 2014 U.S. Dist. LEXIS 15956 and 2014 WL 512064, respectively. The 2014 decision is the first and only hit when one searches "Henry Su" in a Lexis case law search. The first paragraph of Judge Bartle's decision states that the mother-plaintiff "received prenatal care from Parkview Health Center ('Parkview'), a clinic that is part of the Public Health Service." 2014 U.S. Dist. LEXIS 15956, at *1. The decision also states that Dr. Henry Su was a Parkview physician. *Id*. at *5.

When one runs a search on google.com for "Dr. Henry Su Philadelphia," the very first hit is Dr. Su's page at templehealth.org which lists in large print his office location at Park View Health Center, 841 East Hunting Park Avenue. Ex. B (print out of webpage available at https://www.templehealth.org/doctors/henry-su). When one searches "Park View Health Center Philadelphia" on google.com, the very first hit is the website of the Delaware Valley Community Health, Inc. (DVCH). Ex. C (print out of webpage available at https://dvch.org/parkview-health-center/). When one clicks on the "About" link, it states:

> Delaware Valley Community Health, Inc. (DVCH) is a private, non-profit healthcare organization that operates nine Federally Qualified Health Centers (FQHCs) in Southeastern Pennsylvania, including Fairmount Primary Care Center (FPCC), Fairmount Primary Care Center at Girard Medical Center (FPCC-GMC), Fairmount Primary Care Center at Horizon House (FPCC-HH), and Fairmount Primary Care Center at Sharon Hill (FPCC-SH); Maria de los Santos Health

3

Center (MDLS); Maria de los Santos Women's Health Center (MDLS-WHC); Maria de los Santos Express Care (MDLS-EC); Norristown Regional Health Center (NRHC); and Parkview Health Center (PVHC). DVCH delivers high quality, community based, Primary Medical, Dental and Behavioral Health Services to patients regardless of their ability to pay at the time of service.  Ex. D (print out of webpage available at https://dvch.org/about-us/).

When one clicks on "Providers" at the DVCH website, there is a link to Dr. Su's page. Ex. E (print out of webpage available at https://dvch.org/Provider/henry-su/).

In addition, when one googles "Dr. Henry Su Philadelphia" or "Dr. Henry Su obstetrician" there are numerous pages that state his address as 841 East Hunting Park Avenue, Philadelphia – the Park View Health Center address.

The court should not adopt Shefcyk's unsupported statements of fact in her brief to apply equitable tolling to her claim, in particular where publicly available information belies her assertion that Dr. Su's status could not have been discovered upon reasonably diligent efforts.

                    Respectfully submitted,

                    JACQUELINE C. ROMERO
                    United States Attorney

                    s/ *Susan R. Becker* for
                    GREGORY B. DAVID
                    Assistant United States Attorney
                    Chief, Civil Division

                    s/ *Judith A.K. Amorosa*
                    JUDITH A.K. AMOROSA
                    Assistant United States Attorney
                    615 Chestnut Street, Suite 1250
                    Philadelphia, PA 19106
                    Tel: (215) 861-8869
                    Fax: (215) 861-8618
                    Email:  Judith.amorosa@usdoj.gov

Dated: August 10, 2022

## CERTIFICATE OF SERVICE

I certify that on this date, I filed the foregoing Reply in support of the government's Motion to Dismiss via ECF with service made via ECF filing on:

Jordan Strokovsky
Strokovsky LLC
1500 Market Street, 12th Floor East Tower
Philadelphia, PA 19102

*Counsel for Plaintiffs*

James A. Young, Esquire
Richard S. Margulies, Esquire
Adrianna M. Yanez, Esquire
BURNS WHITE
1880 JFK Boulevard, 10th Floor
Philadelphia, PA 19103

*Counsel for Defendant Temple University Hospital, Inc., and Temple University Physicians, Inc.*

Dated: August 10, 2022

s/ *Judith A.K. Amorosa*
JUDITH A.K. AMOROSA
Assistant United States Attorney