IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVNIA

| KIMBERLY SHEFCYK, individually and as parental guardian of K.F., a minor,<br><br>Plaintiff,<br>v.<br>TEMPLE UNIVERSITY HOSPITAL, INC., AND THE UNITED STATES OF AMERICA<br><br>Defendants. | NO. 2:21-cv-03413-MSG<br><br><br>JURY TRIAL DEMANDED |
|---|---|

**PLAINTIFF'S SURREPLY BRIEF IN OPPOSITION TO THE UNITED STATES' MOTION TO DISMISS PLAINTIFF'S CLAIM**

Part One of Defendant's Reply Brief incorrectly states that Plaintiff was required to plead facts for her basis of equitable tolling in her amended complaint. This is an identical argument found in *Young*, where this Court found that there was no authority to support such a proposition. As such, Plaintiff does not believe she is required to provide the facts supporting equitable tolling in her Complaint, but alternatively requests an opportunity to amend the complaint should the Court disagree.

Next, Defendant improperly tries to distinguish this case from *Young*, because plaintiff's brief included exhibits of Temple's website and Philadelphia Court of Common Pleas Dockets. In her motion, Plaintiff noted "[u]nfortunately, the Wayback Machine, which is an online tool that allows one to view web page versions in the past, does not have Dr. Su's biographical page form Temple's website for that subject time[,]" and "[t]his Philadelphia Court of Common Pleas matter, *Henry, et al. v. Temple University, et al.* has a case ID number of 160400497 is readily available on the court's docket." Nonetheless, if not attaching those exhibits is all that Defendant claims is distinguishable from *Young*, attached is a showing from the Wayback Machine that no versions of Dr. Su's biographical page exist prior to May of 2020. Exhibit "A", and a copy of the docket for *Henry, et al. v. Temple University, et al.* is attached as Exhibit "B".

Finally, Defendant attaches exhibits of websites from the present day, not the applicable times in question, which does not change Plaintiff's showing that she diligently investigated her claim prior to filing suit and was prevented "in some extraordinary way" from knowing that Dr. Su was a federal employee while delivering Plaintiff's baby in a private hospital. Prior to filing the lawsuit, Plaintiff's counsel and expert physicians reviewed the hospital and prenatal records, where there was no indication that Dr. Su was a federal employee. Both the hospital and facility where Plaintiff received prenatal care are private facilities, and Plaintiff never previously received treatment from Dr. Su. While the Wayback Machine is unable to show Dr. Su's page for the applicable time on Temple University Hospital's website, Plaintiff's counsel recalls seeing Dr. Su listed as a doctor on Temple's website and it was not mentioned that he was a federal employee. Plaintiff's counsel also searched the dockets for the Philadelphia Court of Common Pleas, where there was no indication he was a federal employee.

Plaintiff sought treatment at Temple University Hospital, which was a private hospital, and never became involved with Dr. Su until the delivery of her baby. Dr. Su and Temple Hospital never disclosed to Plaintiff that Dr. Su was a federal employee working under contract at Temple University Hospital. During the subject time, Temple's website did not mention it was receiving federal funding, "let alone that doctors practicing there could be federal employees."[1] Finally, Dr. Su's employment contract was not publicly available, and to date, Plaintiff has not even received a copy of it.

---

[1] <u>Young v. Temple University Hosp.</u>, 2019 U.S. Dist. LEXIS 186711, at *30 (E.D. Pa. Oct. 28, 2019), attached hereto as Exhibit "C".

Here, like the virtually identical facts and actions taken by the plaintiffs in *Young*, Plaintiff undertook a diligent investigation prior to filing her state court action and at that time, there was no information a reasonably diligent plaintiff could have discovered that would have indicated that Dr. Su was acting in his capacity as a federal employee as the attending physician at a private hospital. For the same reasons this Court found that equitable tolling applied in *Young*,[2] Plaintiff respectfully requests that equitable tolling apply in her case. Defendant's Motion to Dismiss should be denied.

                                                        Respectfully submitted,

                                                        **STROKOVSKY LLC**

Dated: August 25, 2022                      By:     /s/ *Jordan L. Strokovsky*
                                                                         Counsel for Plaintiff
                                                                           Attorney ID No: 318811
                                                                           1650 Market St, Suite 3600
                                                                           Philadelphia, PA 19103
                                                                           215-317-6545
                                                                           jordan@actionafterinjury.com

---

[2] *See* Exhibit "C".