IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILADELPHIA TRUST COMPANY, as limited guardian of K.F., a minor, *Plaintiff,* v. TEMPLE UNIVERSITY HOSPITAL, INC., *Defendant, Cross-Claimant.* THE UNITED STATES OF AMERICA, *Cross-Defendant.* | CIVIL ACTION NO. 21-3413 |

**Pappert, J.**                                                                                                                                           **November 3, 2025**

**MEMORANDUM**

      The Philadelphia Trust Company, as Limited Guardian of the Estate of K.F., a minor, moves for court approval of a Settlement Agreement resolving this litigation. The Court grants the motion and approves the Agreement.

I

      K.F. suffered catastrophic neurological injuries at birth and will require medical care for the rest of his life. (Pl.'s Mot. to Approve Settlement at 2, Dkt. No. 94.) K.F.'s mother was the initial plaintiff and filed suit in state court alleging that a delay in delivering K.F. caused his severe, permanent injuries. (Notice of Removal, Ex. 1, Dkt. No. 1-1.) The case was removed to federal court. (Dkt. No 1.) In 2024 the Philadelphia County Court of Common Pleas appointed the Philadelphia Trust Company as K.F.'s Limited Guardian. (Pl.'s Mot. to Approve Settlement, Ex. A, Dkt. No. 94-2.) K.F.'s

mother was the plaintiff in this case until the Trust Company was substituted for her by stipulation on June 27, 2024. (Dkt. No. 54.) Jordan Strokovsky has been plaintiff's counsel for the entire litigation, representing K.F.'s mother and then the Philadelphia Trust Company as K.F.'s Limited Guardian. (Pl.'s Mot. to Approve Settlement at 5.)

Defendant Temple University Hospital agreed to settle the claims against it for $8,000,000.00. (Settlement Agreement, Dkt. No. 94-4.) The Pennsylvania Department of Human Services maintains a third-party claim in the amount of $414,170.78, (Dkt. No. 94-5), which the Philadelphia Trust Company agreed to satisfy, (Settlement Agreement ¶ 2). Counsel seeks reimbursement of litigation costs in the amount of $333,114.60, (Dkt. No. 94-7), and a one-third net contingency fee, (Dkt. No. 94-9; Verification by Peter J. Johnson, President and CFO ¶¶ 6, 8, Dkt. No. 94-8). Settlement proceeds will be "held in escrow pending the approval of the appointment of a Corporate Fiduciary and the establishment of the appropriate trust by the Philadelphia County Orphans' Court Division." (Pl.'s Mot. to Approve Settlement at 3.)

II

Rule 41.2 of the Local Rules of Civil Procedure provides that "[n]o claim of a minor . . . shall be compromised, settled, or dismissed unless approved by the court," "[n]o distribution of proceeds shall be made out of any . . . settlement . . . unless approved by the court," and "[n]o counsel fee, costs or expenses shall be paid out of any fund obtained for a minor . . . unless approved by the court." Loc. R. Civ. P. 41.2(a)–(c). Federal courts apply state law to determine the fairness of the settlement and the reasonableness of the attorneys' fees to be paid from the settlement amount. *Nice v. Centennial Area Sch. Dist.*, 98 F. Supp. 2d 665, 669 (E.D. Pa. 2000).

Under Pennsylvania law, "in considering whether to approve a settlement, the Court is charged with protecting the best interests of the minor." *Power v. Tomarchio*, 701 A.2d 1371, 1374 (Pa. Super. Ct. 1997). "To assure that the child's interests are protected, the 'petition should include all relevant facts and the reasons why the guardian of the minor believes that a settlement is desirable and in the minor's best interest to discontinue, compromise, or settle the action.'" *Collier v. Dailey*, No. 98-3261, 1998 WL 666036, at *1 (E.D. Pa. Sept. 24, 1998) (citing *Klein v. Cissone*, 443 A.2d 799, 802 (Pa. Super. Ct. 1982). Although "the parties and counsel are usually in the best position to evaluate the settlement and their judgments are entitled to considerable weight," "[t]he court must be prepared to substitute its judgment for that of the minors, the minors' counsel, and the minors' guardian." *Calvert v. General Accident Ins. Co.*, No. 99-3599, 2000 WL 124570, at *5 (E.D. Pa. Feb. 2, 2000).

### III

After reviewing the motion for approval of the Settlement Agreement and its exhibits, the terms of the Settlement Agreement are fair, reasonable and in K.F.'s best interest. The contingent fee, reimbursement of costs and satisfaction of the Pennsylvania Department of Human Services claim are reasonable.

### A

The Court must first determine whether to approve the total settlement amount. When determining the "fair value of the lawsuit," the Court typically gives "considerable weight" to the judgment of counsel and the parties. *Matter of McLean Contracting*, No. 14-5676, 2017 WL 2618855, at *1 (E.D. Pa. June 16, 2017) (citation omitted). Experienced counsel reached the $8,000,000 Settlement Amount at a

settlement conference before Magistrate Judge Jose Arteaga. (Pl.'s Mot. to Approve Settlement at 2.) The Philadelphia Trust Company described this result as "extraordinary." (Verification by Peter J. Johnson, President and CFO ¶ 8.) Plaintiff explains that the settlement proceeds will fund K.F.'s necessary medical care and assistance for the rest of his life. (Pl.'s Mot. to Approve Settlement at 5.) The Defendant in this case vigorously disputed "liability, causation and the extent of K.F.'s injuries" and Plaintiff maintains "[t]here was a substantial risk of a defense verdict should the case be tried." (*Id.* at 4–5.)

The Court's independent review of the case confirms the $8,000,000 settlement is adequate given Defendants' denial of liability and the uncertainty of a litigated outcome. *Cf. In re Hughes Estate*, 59 Pa. D. & C.2d 680, 682 (Pa. Ct. Comm. Pl. 1972) ("We have no difficulty in approving the amount of the settlement" because the "risk of recovering something less than the amount achieved by the settlement was a serious one.").

B

The Court must also independently review the settlement's proposed distribution. *Calvert*, 2000 WL 124570, at *6.

1

Itemized litigation costs amount to $333,114.60 and include the following categories: expert and consulting fees, day in life videos, focus groups and jury research, animations for mediation and trial, mediator costs, court reporting services, medical records and filings. (Summary of Case-Specific Litigation Costs, Ex. F, Dkt. No. 94-7.) These costs are deducted from the $8,000,000 Settlement Amount. (Verification by

Peter J. Johnson, President and CFO ¶ 8.) The Court finds these litigation costs to be reasonable given the case's complexity and duration.

2

One third of the total remaining settlement fund, or $2,530,072.18, will go to attorneys' fees pursuant to a thirty-three percent contingent fee agreement. (Pl.'s Mot. to Approve Settlement at 3.) "[C]ourts should be reluctant to disturb contingent fee arrangements freely entered into by knowledgeable parties." *Ryan v. Butera, Beausang, Cohen & Brennan*, 193 F.3d 210, 215 (3d Cir. 1999). However, "[r]egardless of any fee agreement, as the protector of the minor's interests, the court must independently investigate the fee to be charged to ensure that it is fair and reasonable." *J.N. v. Penn-Delco Sch. Dist.*, No. 14-1618, 2017 WL 395481, at *4 (E.D. Pa. Jan. 30, 2017). Where the attorneys' fees affect the minor's ultimate award, the Court has "an affirmative duty to be more than a passive, *pro forma* rubber stamp." *Gilmore by Gilmore v. Dondero*, 582 A.2d 1106, 1109 (Pa. Super. Ct. 1990) (citation and internal quotation omitted). The Court "has discretion to adjust the amount of counsel fees to be subtracted from a settlement involving a minor even when a contingency arrangement is in place." *Lee v. Victoria's Secret, LLC*, No. 10-3662, 2012 WL 628015, at *3 (E.D. Pa. Feb. 27, 2012).

Courts analyzing fee requests in minors' cases should consider the "prevailing contingent fee standards in the relevant location" and whether a different fee is justified considering the following factors:

> the amount of work performed; the character of the services rendered; the difficulty of the problems involved; the importance of the litigation; []; the degree of responsibility incurred; whether the fund involved was "created" by the attorney; the professional skill and standing of the attorney in his

> profession; the results he was able to obtain; the ability of the client to pay a reasonable fee for the services rendered; and, very importantly, the amount of money or the value of the property in question [].

*Gilmore*, 582 A.2d at 1109–10 (cleaned up). As to the prevailing contingent fee standards, Philadelphia County Court of Common Pleas Local Rule 2039(F) provides that "Counsel fees of one-third (1/3) of the net fund recovered may be considered reasonable, subject to the approval of the Court." Phila. Cnty. Ct. Comm. Pls. Loc. R. 2039(F).

The *Gilmore* factors do not mandate a different fee. Plaintiff's counsel litigated this case from its inception more than four years ago. (Pl.'s Mot. to Approve Settlement at 5.) The case was complex and demanding. This litigation is significant not only to the litigants but to the broader Philadelphia community. Counsel created the fund to which the significant settlement proceeds will be deposited, is skilled, is in good standing and achieved a result that will "fund meaningful medical services and assistance for [K.F.] for the rest of his life." (*Id.* at 4, 6.) The client is able to pay the fee for services rendered. The contingent fee, while significant, has been acknowledged by Plaintiff as "in recognition of the nature of the complexity of this case and based on the amount and quality of work that was required . . . [to] achieve the extraordinary result obtained." (Verification by Peter J. Johnson, President and CFO ¶ 8.)

The fee is appropriate in light of the *Gilmore* factors and given the uncertain outcome of the case had it proceeded to trial.

3

Finally, the Court approves satisfaction of the $414,170.78 Pennsylvania Department of Human Services claim. (Pl.'s Mot. to Approve Settlement at 3.) Counsel

negotiated this claim down from more than $1,000,000, which is further evidence of his effort and commitment to this case.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.